UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:12CV-00100-JHM

GREG WISE, ADMINISTRATOR OF THE ESTATE
OF JOSEPH KENNETH WISE, DECEASED                                        PLAINTIFF

VS.

EXTENDICARE HOMES, INC, et al.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) [DN 6] and a motion by Defendants to file a surreply to Plaintiff's Reply Memorandum [DN 11]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

On June 7, 2012, Plaintiff, Greg Wise, Administrator of the Estate of Joseph Kenneth Wise, filed this action in the Taylor Circuit Court. The case arises from the murder of Plaintiff's father on June 8, 2011. His death was the direct result of having been administered lethal doses of controlled drugs, including but not limited to liquid Morphine, by his wife, Kathleen Wise. Plaintiff asserts that Kathleen Wise obtained the drugs while working as a registered nurse and Assistant Director of Nursing at Extendicare Homes, Inc. ("Extendicare") d/b/a Medco Center of Campbellsville ("Medco Center"). Medco Center is a skilled nursing care facility located in Taylor County, Kentucky. Plaintiff alleges that an internal corporate audit conducted by Extendicare later confirmed that the controlled drug Morphine had not been properly destroyed and that Medco Center failed to properly account for Morphine and other controlled substances delivered to the facility. (Complaint ¶¶ 1- 26.) Plaintiff commenced this action against the numerous Extendicare entities he believed to be doing business as Medco Center seeking damages for wrongful death. Plaintiff

alleges that the Extendicare Defendants' failure to exercise ordinary care in hiring, retention, supervision, and training of Wise in her capacity as a staff registered nurse and Assistant Director of Nursing was a substantial factor in causing Kenneth's death. (Id. at ¶27.) Plaintiff further alleges that the Extendicare Defendants' failure to implement and maintain a system of record keeping and accounting to prevent diversion of controlled medications from its Medco Center facility and to ensure the proper destruction of such medications violated federal and state regulations and was a substantial factor in causing Plaintiff's father's death. (Id. at ¶ 28.) Additionally, Plaintiff alleges that the Extendicare Defendants acted negligently in entrusting Wise with controlled drugs. (Id. at ¶ 29.)

Plaintiff also joined non-diverse defendant, Karen Moore, Director of Nursing at Medco Center, for her failure to exercise ordinary care in supervising Wise. (Id. at ¶ 32-¶33). Additionally, Plaintiff alleges that Moore was negligent in breaching the duties she owed as the person in charge of the procedures and policies for the storage, maintenance, and destruction of controlled substances used in the Medco Center facility and such negligence was a substantial factor in causing the death of Plaintiff's father. (Id. at ¶ 34; Motion to Remand at 3.) Defendants removed this action from the Taylor Circuit Court to this Court on the theory that Plaintiff had fraudulently joined Defendant Karen Moore in an effort to defeat federal jurisdiction. Plaintiff now moves the Court to remand the case to the Taylor Circuit Court.

## II. STANDARD OF REVIEW

At issue in this motion is whether Karen Moore, Director of Nursing at Medco Center, was fraudulently joined. "'Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.'" Walker v. Philip Morris USA, Inc., 443 Fed. Appx.

946, 952 (6th Cir. 2011)(quoting Saginaw Housing Comm'n v. Bannum, Inc., 576 F.3d 620, 624 (6th Cir. 2009)).  "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder.'"  Id. (quoting Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999)).  The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved in favor of remand.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir.1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir.1999).  "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."  Probus v. Charter Communications, LLC, 234 Fed. Appx. 404, 407 (6th Cir. 2007)(internal citation omitted).  See also Walker, 443 Fed. Appx. at 952.  In making this determination, the Sixth Circuit recognizes that the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a plaintiff's complaint has misstated or omitted "*discrete and undisputed facts*" that would determine the propriety of joinder.  Walker, 443 Fed. Appx. at 953 (citation omitted).  In adopting the approach articulated by the Fifth Circuit, the Sixth Circuit in Walker stated in relevant part:

> [A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different.  For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments.  For fraudulent joinder, the district court may . . . "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor.* The burden of persuasion on

3

those who claim fraudulent joinder is a heavy one.

Id. (quoting Travis v. Irby, 326 F.3d 644, 648–49 (5th Cir. 2003)).  Therefore, "[w]hen deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss."  Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012)(citing Walker, 443 Fed. Appx. at 952–54)).

### III. DISCUSSION

Plaintiff argues that the instant case should be remanded because Defendants have failed to prove the fraudulent joinder of Defendant Moore.  The Defendants, on the other hand, contend that Defendant Moore was fraudulently joined because Plaintiff has no colorable cause of action for negligent supervision or general negligence against Moore.  Specifically, Defendants argue that (1) the tort of negligent supervision only exists against employers under Kentucky law, not individuals such as Moore, and (2) "it is impossible for Plaintiff to assert a colorable ordinary negligence cause of action against Karen Moore, due to the concepts of foreseeability and intervening and superseding cause that are central to Kentucky tort law."  (Defendants' Notice of Removal at 3.)

**Colorable Claim for Negligence**

A negligence action requires: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury."  Mullins v. Commonwealth Life Ins. Co., 839 S.W.2d 245, 247 (Ky. 1992).  "Kentucky law permits servants or employees to be sued personally for alleged negligence in the course and scope of their duties for the principal or employer.  This is a long-standing principle of Kentucky law."  Conn v. Markwest Hydrocarbon, Inc., 2006 WL 782728, *3 (E.D. Ky. March 27, 2006).  In other words, "[a]n employee whose negligent act created the liability may be joined as a defendant."  Cua v. Pilot Travel Centers, LLC, 2011 WL 1832152, *2

(W.D. Ky. May 12, 2011)(citing Enos v. Kentucky Distilleries & Warehouse Co., 189 F. 342, 346 (6th Cir. 1911)( "the servant whose negligent act creates the liability of the corporation may, as a matter of right be joined as defendant with the corporation"); Brewer Machine v. Old National Bank, 248 F.R.D. 478, 481 (W.D. Ky. 2008)). Significantly, an "employee can owe a duty to third parties that arises from and is dependent upon his particular position for the employer." Conn, 2006 WL 782728, *5. Thus, contrary to Defendants' argument, Plaintiff may assert claims against Moore for a breach of duty she had in her capacity as the Director of Nursing.

Plaintiff's Complaint states a colorable claim for negligence against Defendant Moore and provides a reasonable basis to predict that a Kentucky court might impose liability on them. Plaintiff alleges that Defendant Moore in her position as Director of Nursing at Medco had a duty to implement protocols and supervise the storage, maintenance, and destruction of controlled medications at the facility; that she breached that duty; and her negligence was a substantial factor in causing the death of Plaintiff's father. While the Defendants classify these allegations as insufficient to establish negligence under Kentucky law, the appropriate inquiry in this case is not whether Plaintiff will ultimately lose on the merits; rather, it is simply whether Plaintiff has "at least a colorable cause of action against [a non-diverse defendant] in the [Kentucky] state courts." Probus v. Charter Communications, LLC, 234 Fed. Appx. 404, 408 (6th Cir. 2007)(quoting Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999)). See also Sprowls v. Oakwood Mobile Homes, Inc., 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000).

Defendants' argument that the doctrines of foreseeability and intervening and superceding cause bar Plaintiff's claim of negligence against Defendant Moore is unavailing. "In Kentucky, the scope and character of a defendant's duty is largely defined by the foreseeability of the injury:

5

'[E]very person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury. Even so, such a duty applies *only* if the injury is foreseeable.'" Miller v. Fraser, ___ S.W.3d ___, 2012 WL 6061720, *6 (Ky. Ct. App. Dec. 7, 2012)(citing Isaacs v. Smith, 5 S.W.3d 500, 502 (Ky. 1999)). "[F]oreseeability as it relates to duty is a pure question of law to be decided by the court." Lee v. Farmer's Rural Elec. Co-op. Corp., 245 S.W.3d 209, 217 (Ky. Ct. App. 2007).

The Court's foreseeability analysis differs from that applied in the context of causation. Waldsachs v. Inland Marine Service, Inc., 2011 WL 3813093, *3 (W.D. Ky. Aug. 26, 2011). "Whether a harm was foreseeable in the context of determining duty depends on the general foreseeability of such harm, not whether the specific mechanism of the harm could be foreseen." Lee, 245 S.W.3d at 212. " The foreseeability factor only requires that the 'injury of some kind to some person could have been foreseen.'" Waldsachs, 2011 WL 3813093, *3 (quoting Bolus v. Martin L. Adams and Son, 438 S.W.2d 79, 81 (Ky. 1969)("It is not necessary, to impose liability for negligence, that the defendant should have been able to anticipate the precise injury sustained, or to foresee the particular consequences or injury that resulted.  It is enough that injury of some kind to some person could have been foreseen.")); Eaton v. Louisville & N.R. Co., 259 S.W.2d 29 (Ky. 1953) (precise form of injury need not be foreseen). "In determining whether an injury was foreseeable, we look to whether a reasonable person in a defendant's position would recognize undue risk to another, not whether a reasonable person recognized the specific risk to the injured party." Lee, 245 F.3d at 213 (emphasis added).  Clearly, injury to a third person resulting from the failure by a director of nursing to exercise ordinary care in implementing, controlling, or supervising the drug administration system at a medical facility is foreseeable.  This is further supported by

Kentucky Administrative Regulations and Medco Policies and Procedures governing the labeling and storage of medications. See, e.g., 902 KAR 20:026. While Defendants argue that the specific injury to Mr. Wise was unforeseeable, this is a separate inquiry from the question of law concerning duty. See Miller, 2012 WL 6061720, *7; Lee, 245 S.W.3d at 218.

Finally, with respect to intervening act and superseding cause, Kentucky courts have found that "an intervening criminal act does not relieve one for liability for his or her negligent acts or omissions, where the criminal act is a reasonably foreseeable consequence of the defendant's negligent act." Waldon v. Housing Auth. of Paducah, 854 S.W.2d 777, 779 (Ky. Ct. App. 1991); Scruggs v. Sperian Fall Arrest System, Inc., 2011 WL 4744908, *8 (W.D. Ky. Oct. 7, 2011). At this stage of the litigation, factual issues remain regarding what Defendants knew or should of known regarding Wise's handling of narcotics and/or her propensity of violence toward third persons. Therefore, the facts pertinent to the doctrine of superseding and intervening cause remain in dispute. Based on the record before it, the Court cannot say as a matter of law that Plaintiff presents no colorable cause of action for negligence against Defendant Moore in the Kentucky state courts. See Probus, 234 Fed. Appx. at 408.

Accordingly, the Court finds that the Defendants have failed to meet "the heavy burden of proving that there is not even arguably a reasonable basis for predicting Kentucky law might impose liability" on the non-diverse defendant. Jones Body Shop, Inc. v. PPG Industries, Inc., 2012 WL 1984292, *2 (E.D. Ky. June 4, 2012).

Having concluded that Plaintiff has stated a colorable general negligence claim, the Court declines to address the Defendants' remaining arguments related to the negligence supervision or negligence per se claims. Further, given that the Court did not rely upon the criminal trial testimony

7

of Kathleen Wise and given that the law on fraudulent joinder, foreseeability, and superseding cause were adequately briefed, the Court denies Defendants' motion to file a surreply.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand [DN 6] is **GRANTED** and the Defendants' motion to file a surreply [DN 11] is **DENIED**. The case is remanded to the Taylor Circuit Court.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record
    Taylor Circuit Court

February 6, 2013